UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

NANNYLI RIVERA,  Case No.: 1:17-cv-4738

        *Plaintiff,*

   -against-

THE CRABBY SHACK, LLC,
FIFI BELL CLANTON, and GWENDOLYN NILES,

        *Defendants.*

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT ACHIEVED AT MEDIATION

          Levin-Epstein & Associates, P.C.
          Joshua Levin-Epstein, Esq.
          Jason Mizrahi, Esq.
          1 Penn Plaza, Suite 2527
          New York, NY 10119
          (212) 792-0046

          *Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. 1

PRELIMINARY STATEMENT ............................................................................................ 2

STATEMENT OF FACTS ..................................................................................................... 4

    A.   Settlement Was Reached As A Result Of Mediation ................................... 4

    B.   The Parties Repeatedly Confirmed that a Settlement was Reached ..... 4

    C.   Plaintiffs Refuse to Comply with the Settlement Agreement ................. 5

LEGAL STANDARD ............................................................................................................ 5

ARGUMENT ........................................................................................................................... 5

  POINT I.   THE SETTLEMENT STIPULATION BINDS PLAINTIFFS AND
               REQUIRES ENFORCEMENT ................................................................... 5

    A.   Relief Requested ............................................................................................. 7

  POINT II. PLAINTIFFS' FAILURE TO COMPLY WITH THE SETTLEMENT
               STIPULATION IS UNEXCUSED ........................................................... 7

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

Cases

*Builders Bank v. Newland Group*,
    2013 U.S. Dist. LEXIS 13617 (E.D.N.Y. 2013) .................................................................. 6

*Cheeks v. Freeport Pancake House, Inc.*,
    796 F.3d 199 (2d Cir. 2015) ............................................................................................ 1, 2, 3

*Consol. Edison Co. of N.Y., Inc. v. Fyn Paint & Lacquer Co.*,
    2008 U.S. Dist. LEXIS 25097 (E.D.N.Y. 2008) .............................................................. 4, 6

*Delyanis v. Dyna-Empire*,
    465 F. Supp. 2d 170 (E.D.N.Y. 2006) ............................................................................. 5, 6

*Hallock v. State of New York,*
    64 N.Y.2d 224 (1984) ......................................................................................................... 6

*Kowalchuck v. Stroup*,
    61 A.D. 3d 118 (1st Dept. 2009) ......................................................................................... 5

*Lewis v. New York City Transit Auth.*,
    2015 U.S. Dist. LEXIS 84086 (E.D.N.Y. 2015) .............................................................. 5, 7

*McNamara v. Tourneau, Inc.*,
    464 F.Supp 2d 232 (S.D.N.Y. 2006) ................................................................................... 5

*Meetings & Expositions, Inc. v. Tandy Corp.*,
    490 F.2d 714 (2d Cir. 1974) ................................................................................................ 4

*Teachers Ins. & Annuity Asso. v. Tribune Co.*,
    670 F. Supp. 491 (S.D.N.Y. 1987) ..................................................................................... 5

*Tewolde et al v. Flavor Boutique 796 Inc. et al,*
    1:17-cv-02687-KHP ............................................................................................................ 6

Defendants the Crabby Shack, LLC ("**Crabby Shack**", or the "**Company**"), Fifi Bell Clanton, and Gwendolyn Niles (collectively, the "**Defendants**"), respectfully submit this Memorandum of Law, together with the supporting declaration of Joshua Levin-Epstein, Esq. (the "**Epstein Decl.**") and the exhibits annexed thereto in support of Defendants' Motion to enforce a binding settlement agreement resolving Plaintiff Nannyli Rivera's and Jermaine Lynch's (together, the "**Plaintiffs**") claims, and as grounds thereto respectfully states as follows:

## PRELIMINARY STATEMENT

This is a straightforward motion. Following extensive discovery wherein the Defendants produced hundreds-of-pages of payroll records, financial information, bank statements, and other information, Plaintiffs and Defendants participated in a Court-ordered mediation. At the July 23, 2018 Court-ordered mediation (the "**Mediation**"), the parties, after hours of negotiation, reached an agreement and memorialized that agreement in a writing (the "**Settlement Agreement**"). A copy of the Settlement Agreement is attached as Exhibit ("**Ex.**") A to the Epstein Decl.

As is customary in Fair Labor Standards Act ("**FLSA**") cases, the Settlement Agreement contemplated a long-form agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). On July 31, 2018, Defendants presented Plaintiffs' counsel with a long-form settlement agreement incorporating the previously agreed-upon material terms memorialized in the Settlement Agreement. Nearly one month later, on August 28, 2018, Plaintiffs' counsel submitted comments to the long-form settlement agreement. In the ensuing days, this law firm engaged in several communications and isolated Plaintiffs' counsel's concerns to *one discrete issue*. Specifically, Plaintiffs insisted on the inclusion of a prevailing parties' provision calling for uncapped and unlimited costs, expenses, and attorney's fees in the event of a breach. Defendants explained that the suggested provision was too broadly

worded, and encouraged protracted litigation over a nominal breach. In an attempt to assuage Plaintiffs' concern, Defendants' offered to incorporate a confession of judgment, or cap attorneys' fees and costs to a reasonable amount. Plaintiffs' counsel refused, and explained that his clients would not proceed under the Settlement Agreement unless Defendants agreed to an uncapped and unlimited prevailing parties' provision.

On September 11, 2018, Plaintiffs submitted a letter to Your Honor cocnering the parties' Settlement Agreement and the impasse over the memorialization of a *Cheeks* long form settlement agreement. *See* [Dkt. No. 18]; Epstein Decl. ¶ 5 Ex. C.

Shortly thereafter, on September 27, 2018, Your Honor held a conference addressing Plaintiffs' concerns. At the conference, Plaintiffs' counsel reiterated his clients' insistence on a prevailing parties' provision allowing uncapped and unlimited attorneys' fees, and ***for the first time*** since the negotiation discussions began, raised a ***second issue***. Specifically, Plaintiff's counsel demanded a significantly reduced payment schedule that shortened the payment period contained in the Settlement Agreement from twenty-four months to twelve months.

Plaintiffs are wrongfully holding the settlement hostage under the false hope of extracting concessions they could not secure at the bargaining table, and the Court should put a stop to the obstruction. The Settlement Agreement is binding against Plaintiffs under New York law. All the material terms of the parties' settlement are contained in the Settlement Agreement. For this reason, which is more fully set forth below, Defendants respectfully request the Court declare the Settlement Agreement binding.

**STATEMENT OF FACTS**

### A. Settlement Was Reached As A Result Of Mediation

At the joint request of counsel during a November 2, 2017 initial conference hearing, the Honorable Magistrate Judge Steven M. Gold referred this matter to court-annexed mediation. [Dkt. No. 12]. A mediation session was held on July 23, 2018 before Mediator John A. Beranbaum. *See* Epstein Decl. ¶ 7 Ex. E. The lead plaintiff and Defendants participated at the mediation with their respective counsel.

As a result of the Mediation, the parties reached an agreement that included all essential terms of a contract. Specifically, the parties agreed to settle the matter as follows: (1) a total payment to Plaintiffs inclusive of attorneys' fees of $35,000.00; (2) payable in equal installments over 24 months; (3) due at the last date of the month; and (4) a limited release only as to Plaintiffs' employment-related claims. Counsel for both parties memorialized the agreement in writing at the Mediation. Epstein Decl. ¶ 4 Ex. B. In addition to the four essential terms of the Settlement Stipulation, the parties elected to include a notice and cure period, as well as other language that would be incorporated in a long-form agreement to be submitted for Court approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Epstein Decl. ¶ 4 Ex. B.

### B. The Parties Repeatedly Confirmed that a Settlement was Reached

On July 24, 2018, the Court was advised that the parties reached a settlement at mediation. *See* Epstein Decl. ¶ 7 Ex. E.

Further, on September 11, 2018, Plaintiffs' counsel submitted a letter to the Hon. Magistrate Judge Steven M. Gold acknowledging that the parties reached an agreement in principle:

"The parties were able to agree to general terms of settlement through participation in mediation. Regretfully, however, the parties were unable to agree *to the form* of the settlement agreement."

(Emphasis added). Epstein Decl. ¶ 5 Ex. C.

### C. Plaintiffs Refuse to Comply with the Settlement Agreement

On September 27, 2018, the Honorable Magistrate Judge Gold held conference concerning the impasse on the memorialization of a long-form *Cheeks* settlement agreement. At the hearing, Plaintiff's counsel reiterated his clients' insistence on a prevailing parties' provision allowing uncapped and unlimited attorneys' fees – and *for the first time,* since the negotiation discussions began, raised a *second issue*. Specifically, Plaintiff's counsel demanded a payment schedule, reducing Defendants' time to make settlement payments to 12 months from 24 months.

The Honorable Magistrate Judge Gold declined to address the merits of the settlement dispute, established a deadline of November 8, 2018 to file a joint pretrial order, and directed Defendants to file a motion to enforce the settlement.

## LEGAL STANDARD

This Court has the power "to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). The Settlement Stipulation is interpreted under New York law, which provides that a contract is binding and conclusive once entered. *See Consol. Edison Co. of N.Y., Inc. v. Fyn Paint & Lacquer Co.*, 2008 U.S. Dist. LEXIS 25097, at *15 (E.D.N.Y. 2008).

## ARGUMENT

### POINT I. THE SETTLEMENT STIPULATION BINDS PLAINTIFFS AND REQUIRES ENFORCEMENT

It is well-established that even a "'preliminary [settlement] agreement' is binding, despite the desire for a later formal document, 'when the parties have reached complete agreement

(including the agreement to be bound) on all the issues perceived to require negotiation. Such an agreement is preliminary only in form - only in the sense that the parties desire a more elaborate formalization of the agreement. The second stage is not necessary; it is merely considered desirable.'" *Delyanis v. Dyna-Empire*, 465 F. Supp. 2d at 173 (E.D.N.Y. 2006) (*citing Teachers Ins. & Annuity Asso. v. Tribune Co*., 670 F. Supp. 491, 498 (S.D.N.Y. 1987)); *Lewis v. New York City Transit Auth.*, 2015 U.S. Dist. LEXIS 84086 *3-14 (E.D.N.Y. 2015) (enforcing terms of signed settlement term sheet that contemplates further memorialization in a final settlement agreement.). *See* Epstein Decl. ¶ 6 Ex. D. *McNamara v. Tourneau, Inc.*, 464 F.Supp 2d 232, 239 (S.D.N.Y. 2006) (holding stipulation of settlement was binding where the parties agreed on principal terms at mediation and "the context of the settlement discussions demonstrates that this was not a mere agreement to continue negotiations in good faith[,] … even though the parties never executed a formal contract.").

In the case at bar, the parties agreed to all the necessary elements of settlement under the Settlement Agreement and "are bound to the ultimate objective despite the fact that a more formal or elaborate writing has yet to be produced." *Delyanis*, 465 F.Supp 2d at 176; *see also Lewis*, 2015 U.S. Dist. LEXIS 84086 at *7-8 (enforcing settlement term sheet expressly subject to further documentation where the term sheet was signed after multiple revisions were exchanged by email.) Furthermore, the Settlement Agreement is unambiguous, highly detailed, was negotiated over several hours, before an experienced mediator, and was signed by both parties through their counsel. Furthermore, by signing the Settlement Stipulation, confirming agreement to the Mediator and Magistrate Judge, and expressing their intentions to honor that agreement Plaintiffs are estopped to deny the binding effect of the Settlement Agreement. *See Kowalchuck v. Stroup*, 61 A.D. 3d 118 (1st Dept. 2009) ("Under New York law, when a party gives forthright, reasonable

signals that it means to be bound only by a written agreement, that intent is honored."); Epstein Decl. ¶ 5 Ex. C.

### A. Relief Requested

Thus, Defendants respectfully request the Court employ its authority under New York law and under the Settlement Agreement to confirm the binding effect of the Settlement Agreement and, in lieu of directing the parties to execute a long-form settlement agreement, enter an order or settlement judgment setting forth the settlement obligations of the parties under the Settlement Agreement, *Consol. Edison.*, 2008 U.S. Dist. LEXIS 25097 at *15 ("When parties agree to a settlement on the record, but are unable to agree upon the final terms to implement their agreement, a district court has the authority to issue a 'settlement judgment' to effectuate the settlement agreement."); *Tewolde et al v. Flavor Boutique 796 Inc. et al*, 1:17-cv-02687-KHP, at Dkt. No. 30 (Approving settlement agreement reached at mediation in FLSA case, obviating the parties from drafting a long-form agreement.)

### POINT II. PLAINTIFFS' FAILURE TO COMPLY WITH THE SETTLEMENT STIPULATION IS UNEXCUSED

Enforcement of settlement stipulations are "strongly favored by the courts and are not lightly cast aside." *Delyanis*, 465 F. Supp. 2d at 173. The Court has an obligation to the litigants before it to promote the efficient resolution of actions and protect and enforce any settlement negotiated in good faith. *Builders Bank v. Newland Group*, 2013 U.S. Dist. LEXIS 13617, *16 (E.D.N.Y. 2013). Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved of its obligations under a settlement stipulation made during litigation. *Consol. Edison.*, 2008 U.S. Dist. LEXIS 25097 at *16 (*citing Hallock v. State of New York,* 64 N.Y.2d 224, 230, (1984)). "As with any contractual agreement, a [party's] change of mind does not excuse her [or him] from performance of her [or his]

obligations under the settlement agreement; even in a case where the district court must use its authority to direct the final terms of that agreement." *Id.* at \*18 (*citing Manning v. New York Univ.,* 299 F.3d 156, 164 (2d Cir. 2002))*; see also Janus Films Inc. v. Miller et al.*, 801 F.2d 578, 583 (2d Cir. 1986) (explaining that a party may not "walk away from the settlement simply because he changed his mind.").

Plaintiffs' admitted justification for non-compliance is that they suffer from buyer's remorse. Plaintiffs wish to renegotiate more favorable terms based on unsupported allegations that Defendants' are in a financial position to pay the settlement amount more quickly.

Plaintiffs have no basis for avoiding the consequences of their settlement, or to demand a shorter payment period or prevailing parties' provision as a condition of their compliance under the Settlement Agreement they willingly signed. *See Lewis*, 2015 U.S. Dist. LEXIS 84086 \*13-15 ("The Term Sheet constitutes an enforceable settlement agreement and the Court will not relieve plaintiff's counsel because he wishes a more favorable arrangement for attorney's fees had been struck."). The parties' bargain is plainly reflected in the Settlement Agreement Defendants signed, and the Court should respectfully compel Plaintiffs to abide by it.

## **CONCLUSION**

The Settlement Agreement is a binding contract that was heavily negotiated and will finally resolve the year-long dispute between the parties. Plaintiffs, through their counsel, freely signed the Settlement Agreement, had the assistance of experienced counsel, negotiated the terms of the Settlement Agreement under the auspices of an experienced mediator, and their obligations under it are clear and bargained for. They have no grounds to disavow the Settlement Agreement or eschew performance as a gambit to improve their settlement lot.

Thus, Defendants respectfully request the Court immediately employ its authority to affirm the Settlement Parties' settlement, and enter an order or settlement judgment setting forth the obligations of the parties under the settlement and respectfully proceed with the scheduling of a fairness hearing under *Cheeks*.

Dated: December 3, 2018
     New York, New York

By:   /s/ *Joshua Levin-Epstein*
        Joshua Levin-Epstein, Esq.
        Jason Mizrahi, Esq.
        1 Penn Plaza, Suite 2527
        New York, New York 10119
        Telephone: (212) 792-0048
        Email: Jason@Levinepstein.com

        *Attorneys for Defendants*

Cc:    All parties via ECF