**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
NANNYLI RIVERA, and JERMAINE LYNCH

                Plaintiffs,

                -against-

THE CRABBY SHACK, LLC,
FIFI BELL CLANTON, and GWENDOLYN NILES,

                Defendants.
---------------------------------------------------------------------X

**Civil No. 17-CV-4738**

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

       Plaintiffs Nannyli Rivera ("**Rivera**") and Jermaine Lynch ("**Lynch**") (together, the "**Plaintiffs**") and Defendants The Crabby Shack, LLC ("**Crabby Shack**"), Fifi Bell Clanton ("**Clanton**"), and Gwendolyn Niles ("**Niles**") (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement and General Release ("**Agreement**") as a resolution of all issues involved herein as follows:

       1.     **Preliminary Matters**. Plaintiffs have reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox of Knox Law Group, P.C. (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiffs have had the opportunity to consider their counsel's advice with respect to the foregoing Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms. Plaintiffs believe that the Agreement fairly and accurately provides for the payment of all sums due to them, as well as additional monies in consideration for their execution of the Agreement. Given the promises set forth in the Agreement, Plaintiffs represent and warrant that they now have been properly paid for all time worked during their employment by Defendants, and acknowledge and agree that they will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from Defendants.

       2.     **No Admission of Liability**. The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the litigation styled *Rivera v. The Crabby Shack, LLC*, Case No. 17-cv-04738, filed in the United States District Court for the Eastern District of New York (the "**Pending Action**"), or which could have been raised in such suit, or which otherwise involve Plaintiffs' alleged employment relationship with Defendants and/or the separation or termination of Plaintiffs' relationship with Defendants.

Furthermore, the Parties agree that Plaintiffs shall not be considered prevailing parties or successful parties.

3. **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action against Defendants; (2) not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

4. **Consideration**.

A. Defendants agree to pay Plaintiffs and their attorney the maximum total sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) as set forth and allocated in Section 7 below (hereinafter the "**Settlement Payment**"), and other good and valuable consideration as described below. Under no circumstances shall the Settlement Payment exceed Thirty-Five Thousand Dollars and Zero Cents ($35,000.00).

B. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, and liquidated damages. If required by the Court, the Parties agree that Plaintiffs' Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiffs' Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

C. Plaintiffs agree that they have no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Releasees, except as specifically provided in this Settlement Agreement.

5. **Release**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs agree to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge the Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter "**Releasees**"), from any and

all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiffs may have or claim to have against the Releasees, but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to their pay or the manner in which they were compensated during the period alleged in the complaint, or during any other time period prior to the execution of this Agreement. For purposes of this agreement, "**Wage and Hour Claims**" shall mean: (i) all claims for any wage and hour violations that may have occurred arising from or relating to each Plaintiff's employment or engagement with Defendants under the Fair Labor Standards Act, including but not limited to not limited to, all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (ii) all claims for any wage and hour violations that may have occurred arising from or relating to each to each Plaintiff's employment or engagement with Defendants under New York state and/or local law, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage statements, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Pending Action, whether known or unknown, under New York State and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action.

6.      **Plaintiffs' Responsibility for Taxes**. Plaintiffs assume full responsibility for their respective portions of the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs and/or Plaintiff's' Counsel pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment or the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or Defendants are liable for any failure by any Plaintiff or Plaintiffs' Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiffs agree to indemnify and hold Defendants harmless for any such liabilities.

7. **Payment**.

A.    In consideration of the promises of Plaintiffs set forth herein, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims concerning wages and hours worked that Plaintiffs have or may have against Releasees as set forth in Section 5, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel and divided as follows:

(i)    Payment 1: Within twenty-one (21) of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, Defendants shall make their first settlement Payment (the "**Initial Settlement Payment**") for the sum of One Thousand Four Hundred Fifty Eight Dollars and Thirty Three Cents ($1,458.33), consisting of the following payments:

1. One check payable to "Nannyli Rivera" totaling Four Hundred Eighty Six and Eleven Cents ($486.11)

2. One check payable to "Jermaine Lynch" totaling Four Hundred Eighty Six and Eleven Cents ($486.11)

3. One check payable to "Knox Law Group, P.C." totaling Four Hundred Eighty Six and Eleven Cents ($486.11)

(ii)    Payments 2 Through 23: Thirty (30) days after the Initial Settlement Payment, Defendants shall make the first of twenty-three (23) equal installment payments (the "**Installment Payments**") for the sum of One Thousand Four Hundred Fifty Eight Dollars and Thirty Three Cents ($1,458.33) each, with each subsequent Installment Payment to be made no later than the last date of the subsequent month. Each Installment Payment shall consist of the following payments:

1. One check payable to "Nannyli Rivera" totaling Four Hundred Eighty Six and Eleven Cents ($486.11)

2. One check payable to "Jermaine Lynch" totaling Four Hundred Eighty Six and Eleven Cents ($486.11)

3. One check payable to "Knox Law Group, P.C." totaling Four Hundred Eighty Six and Eleven Cents ($486.11)

B.    Plaintiffs' allocation of the Settlement Amount, identified above, shall be allocated 50% to wages, from which all applicable withholdings will be deducted, and for which a W-2 shall be issued, and 50% shall be allocated to interest and liquidated damages, for which an IRS Tax Form 1099 shall be issued. In the event that a Plaintiff does not maintain a Tax ID and therefore cannot provide a completed IRS Form W-4 and W-9, Defendants will issue the entire settlement amount allocated to that individual via an IRS Form 1099 and the individual will be

responsible for paying applicable taxes and shall indemnify, defend and hold harmless Defendants from and against any and all liabilities, damages, losses, obligations, penalties, litigation, proceedings, demands, defenses, disputes, claims, judgments, and expenses, of whatever kind and nature, imposed upon, incurred by, or asserted or awarded against Defendants, arising out of or relating to the payment of compensation to such Plaintiff on a 1099 rather than on a W-2 basis. An IRS Form 1099 shall be issued to Knox Law Group, P.C. for the amount allocated to attorneys' fees and costs.

C.     To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

D.     In no event shall any Settlement Payment under Sections 4 and 7 of this Agreement be due until the Pending Action is fully and finally dismissed against Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

8.     **Dismissal of the Complaint**. The Court shall dismiss the Pending Action as against the Defendants, with prejudice; however the Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of Defendants' failure to pay the Settlement Amount. In the event of default Plaintiffs shall serve a written notice ("**Default Notice**") upon counsel for the Defendants by certified mail, and Defendants' shall have thirty (30) days from the date of delivery of the Default Notice to cure the default by making such payment. If Defendants do not cure the default within five (5) business days of the notice, Plaintiffs and their Counsel shall have the right to a judgment against Defendants, in the amount of Thirty-Five Thousand Dollars ($35,000), together with default interest at nine percent (9%) per annum accruing at the time such judgment is filed, less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiffs and their counsel.

9.     **No Claims Filed**. Plaintiffs represent to the Defendants, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by Plaintiffs or with their knowledge, or on their behalf with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Defendants shall have the right to use this agreement to terminate such proceedings as to Plaintiffs. Plaintiffs shall, if requested by counsel for Defendants, immediately cooperate (within the bounds of the law) in such counsel 's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. Plaintiffs further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees.

10.     **No Reliance**. Plaintiffs acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by the Defendants or their employees, officers, directors or representatives (including any attorneys) that are not contained in this Agreement.

11.     **Governing Law**. The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue for any dispute between the Parties shall lie in a court of competent jurisdiction located in New York County, New York. The Parties consent to jurisdiction in New York County, New York, agree that venue only in the County of New York, State of New York would be proper, and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

12.     **Return of Property**. The Parties represent that to the best of their knowledge and understanding, they have returned each other's property, if any.

13.     **Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void ab initio, In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as if the Agreement had not been executed.

14.     **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

15.     **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16.     **Severability**. With the exception of Section 5 above, if any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable. In the event that Section 5 is held unenforceable by a court of competent jurisdiction, Defendants' obligations under Section 4 and 7 shall be null and void.

17.     **Execution in Counterpart and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

18.     **Notices**.  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiffs:

>       Daniel Knox Knox Law Group, PC
>       Attn: Daniel Knox, Esq.
>       One Penn Plaza, Suite 2430
>       New York, NY, 10119
>       Dknox@knoxlaw.nyc

If to the Defendants:

>       Levin-Epstein & Associates, P.C.
>       Attn: Joshua D. Levin-Epstein, Esq
>       1 Penn Plaza, Suite 2527
>       New York, New York 10119
>       Joshua@levinepstein.com

19.     **Knowing and Voluntary Release of Claims**. Plaintiffs acknowledge that:

A.      They have carefully read this Settlement Agreement and they fully understands its meaning;

B.      Plaintiffs are signing this Agreement, knowingly, voluntarily, and without any coercion or duress;

C.      Defendants advised Plaintiffs in writing that Plaintiffs should consult with an attorney before signing the Settlement Agreement, and Plaintiffs acknowledge that they have in fact consulted with an attorney regarding this Agreement; and

D.      Everything Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiffs to sign it.


**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

**PLAINTIFFS:**

_____     Dated: _____
Nannyli Rivera


_____     Dated: _____
Jermaine Lynch


**DEFENDANTS:**

THE CRABBY SHACK, LLC

_____     Dated: _____
By:
Authorized Representative


_____     Dated: _____
Fifi Bell Clanton


_____     Dated: _____
Gwendolyn Niles

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
NANNYLI RIVERA, and JERMAINE LYNCH

                Plaintiffs,

          -against-

THE CRABBY SHACK, LLC,
FIFI BELL CLANTON, and GWENDOLYN NILES,

                Defendants.
-------------------------------------------------------------------X

**Civil No. 17-CV-4738**

<u>**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**</u>

       Pursuant to Rule 4l(a) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the respective counsel of record for Plaintiff Nannyli Rivera and Jermaine Lynch and Defendants The Crabby Shack, LLC, Fifi Bell Clanton, and Gwendolyn Niles that whereas no party hereto is an infant or an incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action is hereby dismissed as against Defendants with prejudice, without costs to any party as against the other.

       This Stipulation may be executed by facsimile signatures with the same force and effect as originals. A fully executed copy of this Stipulation has the same force and effect as the original. This Stipulation may be filed without further notice with the Clerk of the Court.

Dated: August 1, 2018
      New York, New York

LEVIN-EPSTEIN & ASSOCIATES, P.C.  KNOX LAW GROUP P.C.

By: _____
  Joshua Levin-Epstein
  1 Penn Plaza, Suite 2527
  New York, New York 10119
  Tel.:  (212) 792-0046
  Email: joshua@levinepstein.com
  *Attorneys for Defendants*

By: _____
  Daniel Knox
  1 Penn Plaza, Suite 2430
  New York, New York 10119
  Tel.: (212) 239-1114
  Email: dknox@knoxlaw.nyc
  *Attorneys for Plaintiffs*

SO ORDERED:

_____
Honorable Steven M. Gold
UNITED STATES MAGISTRATE JUDGE