**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
NANNYLI RIVERA, and JERMAINE LYNCH       Case No. 1:17-cv-4738

                     *Plaintiffs*,

      -against-


THE CRABBY SHACK, LLC, FIFI BELL CLANTON,
and GWENDOLYN NILES,
                *Defendants*,
-------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
<u>MOTION TO APPROVE SETTLEMENT AGREEMENT</u>**


                                                            Levin-Epstein & Associates, P.C.
                                                            Joshua Levin-Epstein, Esq.
                                                             Jason Mizrahi, Esq.
                                                             1 Penn Plaza, Suite 2527
                                                             New York, NY  10119
                                                             (212) 792-0046

                                                             *Attorneys for Defendants*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ II

**PRELIMINARY STATEMENT** ........................................................................................... 1

**ARGUMENT** ........................................................................................................................ 3

    I.    THE SETTLEMENT AGREEMENT'S CONFIDENTIALITY PROVISION IS NOT PROBLEMATIC ........................................................................................................ 3

        A.    This Court has the Inherent Authority to Strike an Objectionable Confidentiality Provision ................................................................................ 3

        B.    The Cases Cited in the Opposition are Inapposite ............................................ 4

    II.    THE COURT HAS SUFFICIENT EVIDENCE TO DETERMINE THAT THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE .............................................................. 4

    III.    DEFENDANTS HAVE SHOWED THAT THE PAYMENT SCHEDULE IS ALSO FAIR AND REASONABLE ........................................................................................................ 6

    IV.    PLAINTIFFS' FAILURE TO ADDRESS THE ARGUMENTS RAISED IN POINTS I AND II OF DEFENDANTS' MOTION TO APPROVE CONSTITUTES A WAIVER ........................ 7

**CONCLUSION** ..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Amaro v. Barbuto, LLC*,
    2017 WL 476730 (S.D.N.Y. 2017) .................................................................................... 5

*Bouzzi v. F & J Pine Restaurant, LLC*,
    841 F.Supp.2d 635 (E.D.N.Y. 2012) ................................................................................. 6

*Chung v. Brooke's Homecare LLC*,
    2018 WL 2186413 (S.D.N.Y. 2018) .................................................................................. 5

*Garcia v. Good for Life by 81, Inc.*,
    2018 WL 3559171 (S.D.N.Y. 2018) .................................................................................. 5

*Jones v. Smith*,
    319 F.Supp.3d 619 (E.D.N.Y. 2018) ................................................................................. 6

*Kang Ming Sun v. Guang Jun Li*,
    2015 WL 6125710 (S.D.N.Y. 2015) .................................................................................. 6

*Lopez v. Nights of Cabiria, LLC*,
    96 F.Supp.3d 170 (S.D.N.Y. 2015) ................................................................................... 6

*Lopez v. Poko-St. Ann L.P.*,
    176 F.Supp.3d 340 (S.D.N.Y. 2016) ................................................................................. 6

*McCall v. Brosnan Risk Consultants, Ltd.*,
    2016 WL 4076567 (E.D.N.Y. 2016) .................................................................................. 6

*Mei Na Lao v. Chung Chou City, LLC*,
    2018 WL 2170298 (S.D.N.Y. 2018) .................................................................................. 5

*Mosquiera v. Masada Auto Sales, Ltd.*,
    2011 WL 282327 (E.D.N.Y. 2011) .................................................................................... 6

*New York State Clerks Ass'n, v. Unified Court System of the State of New York*,
    25 F.Supp.3d 459 (S.D.N.Y. 2014) ................................................................................... 9

*Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland*,
    2010 WL 4968247 (S.D.N.Y. 2010) .................................................................................. 9

*Wolinsky v. Scholastic Inc.*,
    900 F.Supp.2d 332 (S.D.N.Y. 2012) ................................................................................. 6

Defendants the Crabby Shack, LLC ("**Crabby Shack**", or the "**Company**"), Fifi Bell Clanton, and Gwendolyn Niles (collectively, the "**Defendants**"), by and through the undersigned counsel, respectfully submit this Reply Memorandum of Law and the accompanying declaration of Joshua Levin-Epstein, Esq. (the "**Epstein Decl. 2**") in response to Plaintiffs Nannyli Rivera's and Jermaine Lynch's (together, the "**Plaintiffs**") Memorandum of law in Opposition dated February 22, 2019 [Dckt. No. 39] (the "**Opposition**") in response to Defendants' Motion to Approve a settlement agreement [Dckt. Nos. 36-38] (the "**Motion to Approve**").

## PRELIMINARY STATEMENT

At the January 8, 2019 hearing on Defendants' Motion to Enforce [Dckt. Nos. 33-34], this Court instructed the parties' respective counsels to address two issues in their written submissions. As this Court explained:

> "I have a preliminary view about the motion that's fairly firm, frankly, but I'm a little bit wondering about how this motion and *Cheeks* interplay. Let me explain what I mean. I understand, and counsel for Crabby Shack has been good enough to cite for me, cases where despite Cheeks, motions to enforce settlement brought by employers have granted. It's not impossible by any means. But I am concerned that in most settlements that I am called to review, as I would in this case because the parties have already consented to my having – to my doing so, *I would expect that the wages are at least recovered by the net amount going to the plaintiff, and that where there's a time frame for payout of those wages, that there's some showing inability to pay on a more accelerated schedule*."

Epstein Decl. 2, ¶ 3 [Ex. A at 2:18-25 – 3:1-7] (emphasis added). Plaintiff's Opposition misses the mark. In their Opposition, Plaintiffs raise, once again, technical arguments about the form of the settlement agreement executed at the Court-ordered mediation that had previously been briefed before this Court.

The answer to the Court's question of whether the *net* settlement amount of $35,000 (the "**Settlement Amount**") constitutes at least the amount of wages allegedly owed is a simple one: Yes. Of Course. Plaintiff's Opposition tacitly admits that the Settlement Amount constitutes at

1

least the net amount of wages allegedly owed to Plaintiffs in that Plaintiffs did not raise an objection to the Settlement Amount. Plaintiffs' counsel represented at the January 8, 2019 hearing that Plaintiffs' good-faith calculation of damages, pursuant to Fed. R. Civ. P 26(a), aggregated $45,000.00, which amount presumably included every category of damages. Epstein Decl. 2, ¶ 3 [Ex. A at 18:16-19].

By logical extension, then, if Plaintiffs' good-faith damages calculation of $45,000.00 included categories of damages for wage statement violations, as set forth in Plaintiffs' November 7, 2017 Amended Complaint (the "**Am. Comp**.") [Dckt. No. 13 at ¶¶ 42-45], then the settlement sum of $35,000 must cover the net settlement amount of wages allegedly owing to Plaintiffs. Taken all together, then, Plaintiffs' failure to object to the amount of the settlement proceeds in their Opposition, Plaintiffs' admission at the January 8, 2019 hearing concerning Rule 26(a) Fed. R. Civ. P. damages calculation, and the indisputable fact that Plaintiffs' counsel executed a written settlement agreement at the Court-ordered meditation for the sum of $35,000.00, should, respectfully, allay this Court's concern that the net settlement proceeds would not at least compensate Plaintiffs' for wages allegedly owed.

The answer to the Court's question of whether the contemplated payment schedule should be approved is also simple one: Yes. Of Course. As set forth more fully below, courts in this Circuit have approved similar payment schedules, and the payment schedule before this Court is a product of an arm's-length transaction between experienced counsel, who considered hundreds-of-pages of payroll records, financial information, bank statements, and other information. Thus, it is respectfully submitted that this Court's expectation that there has been "some showing of inability to pay on a more accelerated schedule" has been met in this case. Epstein Decl. 2, ¶ 3 [Ex. A at 3:6-7].

For reasons further set forth below, the Settlement Agreement reflects a reasonable compromise over contested issues and should therefore be approved.

## ARGUMENT

### I. The Settlement Agreement's Confidentiality Provision is Not Problematic

In their Opposition, Plaintiffs object to the approval of the settlement agreement on the basis that it contains an unenforceable confidentiality provision. This objection is troubling, as it lacks a legal or factual foundation.

#### A. This Court has the Inherent Authority to Strike an Objectionable Confidentiality Provision

It is well-settled that Courts in this Circuit have the authority to approve settlement agreements that contain confidentiality provisions after *sua sponte* striking any objectionable language. *See, e.g. Chung v. Brooke's Homecare LLC*, No. 17-CV-2534 (AJN), 2018 WL 2186413, at *2 (S.D.N.Y. 2018) (striking confidentiality provision before approving modified FLSA agreement); *Garcia v. Good for Life by 81, Inc.*, No. 17-CV-07228 (BCM), 2018 WL 3559171, at *4 (S.D.N.Y. 2018) (severing a confidentiality provision, and approving modified settlement agreement under *Cheeks*); *Mei Na Lao v. Chung Chou City, LLC*, 2018 WL 2170298, at *2 (S.D.N.Y. 2018) ("accordingly, the Court strikes the [confidentiality] provision…from the agreement. With that revision, the Court approves the settlement"); *Amaro v. Barbuto, LLC*, 2017 WL 476730, at *3 (S.D.N.Y. 2017) (approving FLSA settlement agreement after removing objectionable confidentiality provision). Even assuming, *arguendo*, that the confidentiality language at issue is problematic (which it is not), this Court has inherent authority to strike any objectionable language before approval.

Accordingly, the confidentiality provision in paragraph 4 cannot and should not operate as a bar to the approval of the Settlement Agreement.

### B. The Cases Cited in the Opposition are Inapposite

The cases cited in the Opposition are easily distinguishable from the instant action.

Plaintiffs' reliance on *Bouzzi v. F & J Pine Restaurant, LLC*, 841 F.Supp.2d 635 (E.D.N.Y. 2012) is wholly misplaced for the reasons stated in Section I(A), *supra*. In that case, the Court ultimately approved the settlement agreement after denying defendants' motion to file the agreement under seal. *Id* at 638.

The Courts in *Jones v. Smith*, 319 F.Supp.3d 619 (E.D.N.Y. 2018), *Lopez v. Poko-St. Ann L.P.*, 176 F.Supp.3d 340 (S.D.N.Y. 2016); *McCall v. Brosnan Risk Consultants, Ltd.*, 2016 WL 4076567 (E.D.N.Y. 2016); *Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170 (S.D.N.Y. 2015); *Kang Ming Sun v. Guang Jun Li*, 2015 WL 6125710 (S.D.N.Y. 2015); *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. 2012), and *Mosquiera v. Masada Auto Sales, Ltd.*, 2011 WL 282327 (E.D.N.Y. 2011), each dealt with broadly worded confidentiality provisions contained *unenforceable releases* and other problematic language.

### II. The Court has Sufficient Evidence to Determine that the Settlement Agreement is Fair and Reasonable

Remarkably, in their Opposition, Plaintiffs' contend that this Court does not have sufficient information to gauge the reasonableness of the settlement amount even though this Court has held oral argument on Defendants' Motion to Enforce, and this Court has received extensive written submissions in which Defendants' included over 100 pages of payroll records, financial information, and financial models of hypothetical damages computations. Thus, Plaintiffs argument is simplistic.

The authority Plaintiffs' rely on for the proposition that the Settlement Agreement "lacks necessary information" is wholly misplaced. In *Lopez v. Nights of Cabiria, LLC* 96 F.Supp.3d 170 (S.D.N.Y. 2015), the Court rejected the proposed settlement agreement in part because the parties'

4

submissions lacked any declarations, affidavits or exhibits substantiating their respective damage calculations. *Id* at 177. There, the Court was particularly troubled by the fact that the parties failed to specify on a "plaintiff-by-plaintiff basis the alleged numbers of hours and applicable wages." *Id*. It also rejected the proposed settlement because it provided for attorneys' fees at "between 40 and 43.6 percent of the total settlement payment without adequate documentation to support such a fee award," and had included a "battery of highly restrictive confidentiality provisions," and an overbroad release that would "waive practically any possible claim against the defendants." *Id* at 173, 181-82.

In contrast, Defendants' Motion to Approve is accompanied by a declaration and nine highly detailed exhibits that provide the Court with the necessary information to evaluate the bona fides of the dispute. Defendants' submissions included four electronic sets of Payroll Records and Time Records [Dckt. No. 38. Epstein Decl. ¶ 5, Ex. C-F], which show:

1. Plaintiff Rivera worked an average of 32.93 hours each week throughout her employment from July 2015 through June 2017;

2. Plaintiff Lynch worked an average of 27.86 hours each week throughout his employment from July 2016 through July 2017; and

3. Plaintiffs were paid their regular rate-of-pay for any hours worked over 40;

This information was compiled in a highly detailed excel spreadsheet [Dckt. No. 38. Epstein Decl. ¶ 8, Ex. I], which calculates a maximum range of recovery of $8,137.87. Put differently, the Settlement Amount achieves payment of 430% of Plaintiffs' alleged unpaid wages, according to the Time Records and Payroll Records.

Defendants' submission also included an excel spreadsheet modeled after the allegations in the Am. Comp., which considers the following assumptions:

1. Plaintiff Rivera worked 72 hours each week throughout her employment from July 2015 through June 2017;

2. Plaintiff Lynch worked 52 hours each week throughout his employment from July 2016 through August 2017; and

3. Plaintiffs were paid their regular rate-of-pay for any hours worked over 40; and

4. Plaintiffs' were entitled to spread-of-hours;

[Dckt. No. 38. Epstein Decl. ¶ 7, Ex. H]. The maximum range of recovery according to this information aggregates to $21,559.75. Put differently, the Settlement Amount achieves payment of 162% of Plaintiffs' alleged unpaid wages, according to the allegations in the Am. Comp.

Thus, as shown in the financial models above, the Settlement amount of $35,000.00, at minimum, exceeds the maximum range of recovery for Plaintiffs' alleged unpaid spread of hours and overtime.

### III.  Defendants Have Showed that the Payment Schedule is also Fair and Reasonable

Plaintiffs' characterization of Defendants' financial position is highly misleading.

Plaintiffs' reliance on a single newspaper article dating back to the year 2016 that was publicly available before the Court-ordered mediation cannot disturb the genuine financial disclosures made well before the mediation. Presumably based on the adequacy of those financial disclosures, the parties voluntarily entered into a settlement agreement that contemplated a 24-month payment term. It should be noted that Plaintiffs are not contesting the authenticity of the financial information, tax returns, and bank statements concerning Defendants' ability to pay. Epstein Decl. 2, ¶ 3 [Ex. A at 16:10-19]. Thus, the contemplated payment term is the product of an arms'-length transaction.

### IV. Plaintiffs' Failure to Address the Arguments Raised in Points I and II of Defendants' Motion to Approve Constitutes a Waiver

As a final matter, in considering the Motion to Approve, this Court should respectfully deem any unaddressed arguments raised as waived. *New York State Clerks Ass'n, v. Unified Court System of the State of New York,* 25 F.Supp.3d 459, 469 (S.D.N.Y. 2014) (It is well settled in the Second Circuit that [a] plaintiff's failure to respond to contentions raised in a motion…constitute an abandonment of those claims."). *See also Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland,* No. 09 CIV 4622, 2010 WL 4968247, at *7 (S.D.N.Y. 2010) ("Ordinarily…when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone.").

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court approve the Settlement Agreement attached as Exhibit A to the Epstein Decl. [Dckt. No. 38. Epstein Decl. ¶ 3, Ex. A].

Dated: March 13, 2019
    New York, New York

By: /s/ *Joshua Levin-Epstein*
Joshua Levin-Epstein, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0046
Email: Joshua@levinepstein.com

Jason Mizrahi, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0048
Email: Jason@levinepstein.com

*Attorneys for Defendants*

Cc: All parties via ECF